# Railroad Company *against* Cummins.

By the act of the 14th April 1834, a railroad company may remove an action pending against it in court, to another county, at any time before the jury is sworn. And upon the affidavit, required by the act, having been made by the president of the company, it is error in the court to proceed further.

ERROR to the common pleas of *Lycoming* county.

John Cummins, Esq., against The Williamsport and Elmira Railroad Company.

Upon the petition of the company, reviewers were appointed under their charter, to examine the land of John Cummins, Esq., and make report what amount of damage, if any, would be sustained by him, by reason of the construction of the road through his lands; and they made report that he was entitled to no damage. From this report Cummins appealed to the common pleas, where a declaration in trespass was filed; the plea of not guilty put in; the cause put down for trial; a struck jury and view, and the witness subpœnaed and in attendance, when the president of the company made an affidavit, such as is required by the act of the 14th of April 1834; whereupon the counsel for the company delivered a

*præcipe* to the prothonotary, requiring him to remove the record of the said suit to Luzerne county, for trial.

The court below was of opinion that the application was made too late, after the jury were ready to be sworn; and also, that the act of assembly was not intended to apply to cases like the present; and ordered the trial to proceed. Verdict for the plaintiff for one thousand and fifty dollars.

*Armstrong* and *Anthony*, for plaintiff in error, cited and relied upon the act of the 14th of April 1834; *Str. Purd.* 172; 4 *Whart.* 52; 4 *Whart.* 143.

*Parsons* and *Campbell, contra,* cited 2 *Whart.* 273.

PER CURIAM.—There was no question of the jurisdiction to the time when the counsel called for a removal of the cause; and an admission of what the defendant was not called upon to contest, could not prejudice the right of removal. The legislature have not limited it in point of time; and shall the court limit it? The defendant has performed the only condition prescribed by the legislature; and shall the court prescribe another? Every practitioner in the time of the circuit courts, must remember to have seen instances of removal, to escape a trial without preparation, the instant the book was sent into the jury-box. The practice was common, when each party, secretly desiring to outbrag the other by professions of readiness, held out till one of them fled the field with the cause into the circuit court. Yet the court below, being bound by the mandate of the writ, never thought the party had forfeited his right by procrastination. In this case the removal is without writ; but the right is the same, for the law is quite as imperative. As the other points on the record were *coram non judice,* we forbear to express an opinion on them.

Judgment reversed, and the cause remitted for trial to the common pleas of Luzerne county.